IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John C. Berkery, Sr. :
    Plaintiff
                                :

v.                                       Civ. No. 2:21- cv-_____

                                :

Credit Collection Services. :
(CCS),
    Defendant   :

## CIVIL COMPLAINT

Plaintiff John C. Berkery, Sr., hereby files the following civil complaint against the above defendant and in support of same avers as follows:

### JURISDICTION

1,    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1) because this suit involves a federal question, namely the Fair Debt Collection Practices Act"), 15 U.S.C. § 1692, et seq., Additionally, there exists diversity of citizenship. 28 U.S.C. §1332. The Court also would have supplemental jurisdiction over plaintiff's state law claims, if any, pursuant to 28 U.S.C. § 1367.

### VENUE

2.    Venue is appropriate in this Court pursuant to 28 U.S.C.

1

§1391(b)(1) and (2) because, *inter alia,* the defendants have offices, conduct business, or may be found in this judicial district, and a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania, to wit, Fort Washington, Montgomery County.

**PARTIES**

3.  Plaintiff, John C. Berkery, Sr. is an individual who maintains a principal place of residence within the Counties and Judicial District of this Court.

4.  Defendant Credit Collection Services ( CCS ) is a Delaware corporation corporation headquartered at 725 Canton Street, Norwood, MA 02062.

**RELEVANT HISTORY**

5.  After being twice warned that defendant was not to contact plaintiff again by any means and would be in violation of the FDCPA if it did so ( Exhibits C, D, E ), defendant ignored plaintiff's instruction and boldly persisted in continuing to make contact. ( Exhibt A, B, C, F, G ), in flagrant violation of the Act.

**FDCPA VIOLATION**

The Fair Debt Collection Practices Act provides, in pertinent part, as follows:

15 USC §1692(c)
§ 805. Communication in connection with debt collection

(a) Communication with the consumer generally
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) Communication with third parties
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**(c) Ceasing communication**
**If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --**

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 USC 1692(k)
§ 813. Civil liability
(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

## RELIEF SOUGHT

Plaintiff seeks damages in the statutory amount of $1,000 for each of the three violations, punitive damages due to the malicious continuation of the violations after notice to cease, plus such other and further relief as the court deems, fair, just and equitable.

## CONCLUSION

For the reasons stated above, Plaintiff requests the relief sought.

_____
John C. Berkery, Sr., Plaintiff Pro Se

DATED: 08/18/21:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this Wednesday, the 18th day of August, 2021, I caused to be served by hand delivery through the United States Marshal's Service, a true and correct copy of this document upon the following:

Credit Collection Services ( CCS )
725 Canton Street,
Norwood, MA 02062.

_____
John C. Berkery, Sr., Plaintiff/Pro Se

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| John C. Berkery | 2:21-cv- |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Credit Collection Services Inc. | Original |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: CCS
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code): 725 Canton St., Norwood MA 02062

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:
John Berkery
211 S Fairwold Ln.
Ft. Washington, PA 19034

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | N/A |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT
*John Berkery*
TELEPHONE NUMBER: 215-360-1939
DATE: 8/18/21

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | | | |

| Address (complete only different than shown above) | Signature of U.S. Marshal or Deputy |
|---|---|
| | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | |

**REMARKS**

PRIOR VERSIONS OF THIS FORM ARE OBSOLETE

Form USM-285
Rev. 11/18

J. Barkers
2115 Fairwold Ln.
Ft Washington, PA
19034

RECEIVED
AUG 23 2021

Kate Barkman, Clerk
U.S. District Ct. E.D. PA
#2609 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

U.S.M.S.