# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERKERY, Sr., <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 21-CV-3809 |
| CREDIT COLLECTION SERVICES, <br>     Defendant. | : <br> : <br> : | |

## MEMORANDUM

**GOLDBERG, J.**                                                      **SEPTEMBER 7, 2021**

John C. Berkery, Sr. filed this *pro se* action alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Named as the Defendant is Credit Collection Services ("CCS"). Berkery also seeks to proceed *in forma pauperis*. For the reasons that follow, the application to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice and with leave to file an amended complaint.

## I. FACTUAL ALLEGATIONS

Berkery's allegations are exceedingly brief. Other than identifying the parties, alleging jurisdiction and venue, and quoting excerpts from the FDCPA, his entire Complaint consists of one substantive sentence. He alleges that "[a]fter being twice warned that defendant was not to contact plaintiff again by any means and would be in violation of the FDCPA if it did so (Exhibits C, D, E), defendant ignored plaintiff's instruction and boldly persisted in continuing to make contact, (Exhibit A, B, C. F, G), in flagrant violation of the Act." (ECF No. 2 at 2 (parentheticals in original).)[1] Berkery's exhibits include five correspondences from CCS dated

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

between February and August 2021 and copies of letters he sent to CCS telling them not to contact him. (ECF No. 2-1 at 1-7.)

## II.  STANDARD OF REVIEW

The Court grants Berkery's application to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Berkery is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The

important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Gp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Pressley*, 415 F. Supp. at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *Astarita v. Solomon & Solomon, PC*, Civ. A. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content — such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt — which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

  Berkery's one-sentence allegation is insufficient to state a plausible FDCPA claim. He does not allege he is a consumer who was harmed by violations of the FDCPA, he does not describe the nature of the debt, he does not specifically allege that CCS is a debt collector, or describe other than in conclusory terms how it violated, by an act or omission, a provision of the FDCPA. Berkery's exhibits are also insufficient to provide a plausible claim. While they appear to suggest that he was contacted regarding a debt owed possibly to two different creditors, they do not themselves provide a narrative to describe what Berkery is alleging CCS did that violated the FDCPA. While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *H.T. v. Hopewell Valley Reg'l Bd. of Educ.*, Civ. A. No. 14-1308, 2015 WL 4915652, at *8 (D.N.J. Aug. 18, 2015)

(citing *Iqbal,* 556 U.S. at 678); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.,* Civ. A. No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr.1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Accordingly, the Court will dismiss the Complaint. However, because the Court cannot say at this time that Berkery can never state a plausible claim based on the acts or omissions of CCS, he will be granted leave to amend. Cognizant of Berkery's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for his claims against the Defendant.

An order follows.